Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

LUIS CARLOS CACERES, GERARDO URGILES LEON, JULIO CESAR CAMBISACA ARCENTALES, and JOFFRE PACA TELENCHANO, *individually and on behalf of others similarly situated,*

*Plaintiffs*,

-against-

PASENTI CONSTRUCTION INC. (D/B/A PASENTI CONSTRUCTION), PASENTI CONCRETE INC. (D/B/A PASENTI CONCRETE), PASENTI INC. (D/B/A PASENTI CONSTRUCTION), PASENTI DEVELOPMENT CORP. (D/B/A PASENTI DEVELOPMENT), MARTIN PARENTI, and LOUIS PASCIUTO,

*Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiffs Luis Carlos Caceres, Gerardo Urgiles Leon, Julio Cesar Cambisaca Arcentales, and Joffre Paca Telenchano, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Pasenti Construction Inc. (d/b/a Pasenti Construction), Pasenti Concrete Inc. (d/b/a Pasenti Concrete ), Pasenti Inc. (d/b/a Pasenti Construction), Pasenti

Development Corp. (d/b/a Pasenti Development), (, "Defendant Corporations"), Martin Parenti, and Louis Pasciuto ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of Pasenti Construction Inc. (d/b/a Pasenti Construction), Pasenti Concrete Inc. (d/b/a Pasenti Concrete), Pasenti Inc. (d/b/a Pasenti Construction), Pasenti Development Corp. (d/b/a Pasenti Development), Martin Parenti, and Louis Pasciuto (collectively, "Defendants").

2. Defendants own, operate, and/or control Construction companies headquartered at 68 West Street, Warwick, New York 10990 under the name Pasenti Construction.

3. Upon information and belief, individual defendants Martin Parenti, and Louis Pasciuto serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Construction companies as a joint or unified enterprise.

4. Plaintiffs were employees of Defendants.

5. Plaintiffs were employed as carpenters, rodbusters, mechanic welders, torch operators and construction cleaners in a construction project located in Brooklyn, New York.

6. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**<u>JURISDICTION AND VENUE</u>**

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

15. Plaintiff Luis Carlos Caceres ("Plaintiff Caceres" or "Mr. Caceres") is an adult individual residing in Bronx County, New York. Plaintiff Caceres was employed by Defendants from approximately August 24, 2024 until on or about August 1, 2025.

16. Plaintiff Gerardo Urgiles Leon ("Plaintiff Urgiles" or "Mr. Urgiles") is an adult individual residing in Queens County, New York. Plaintiff Urgiles was employed by Defendants from approximately August 7, 2025 until on or about August 8, 2025.

17. Plaintiff Julio Cesar Cambisaca Arcentales ("Plaintiff Cambisaca" or "Mr. Cambisaca") is an adult individual residing in Queens County, New York. Plaintiff Cambisaca was employed by Defendants from approximately January 6, 2024 until on or about February 28, 2025, from approximately March 31, 2025 until on or about April 4, 2025 and from approximately May 29, 2025 until on or about June 6, 2025.

18. Plaintiff Joffre Paca Telenchano ("Plaintiff Baca" or "Mr. Baca") is an adult individual residing in Queens County, New York. Plaintiff Paca was employed by Defendants from approximately July 15, 2025 until on or about August 8, 2025.

19. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b). This included similarly situated

individuals who are laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law and who furnished labor or worked on public works, in and/or with the State of New York, a public benefit corporation, a municipal corporation or a commission appointed pursuant to law.

*Defendants*

20. At all times relevant to this Complaint, Defendants own, operate, and/or control Construction companies headquartered at 68 West Street, Warwick, New York 10990 under the name Pasenti Construction.

21. Upon information and belief, Pasenti Construction Inc., (d/b/a Pasenti Construction), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 68 West Street, Warwick, New York 10990.

22. Upon information and belief, Pasenti concrete Inc. (d/b/a Pasenti concrete), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 68 West Street, Warwick, New York, 10990.

23. Upon information and belief, Pasenti Inc., (d/b/a Pasenti Construction), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 68 West Street, Warwick, New York 10990.

24. Upon information and belief, Pasenti Development Corp., (d/b/a Pasenti Development), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 68 West Street, Warwick, New York 10990.

25. Defendant Martin Parenti is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Martin Parenti is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Martin Parenti possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Defendant Louis Pasciuto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Louis Pasciuto is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Louis Pasciuto possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27. Defendants operate Construction companies under the name "Pasenti Construction," "Pasenti concrete," and "Pasenti Development" which perform a construction project in Brooklyn.

28. Upon information and belief, individual Defendants Martin Parenti, and Louis Pasciuto possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33. Upon information and belief, individual defendants Martin Parenti and Louis Pasciuto operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b. defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e. operating Defendant Corporations for their own benefit and maintaining control over these Corporations as closed Corporations,

f. intermingling assets and debts of their own with Defendant Corporations,

g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h. Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

35. In each year from 2019 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used daily at

Defendants construction companies such as rabers, cement, wood, and other tools were produced outside the state of New York.

*Individual Plaintiffs*

37. Plaintiffs are former employees of Defendants, and worked as Carpenters, rodbusters, mechanic welders, torch operators and construction cleaners.

38. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Carlos Caceres*

39. Plaintiff Caceres was employed by Defendants from approximately August 24, 2024 until on or about August 1, 2025.

40. Plaintiff Caceres worked as a carpenter.

41. Plaintiff Caceres regularly handled goods produced in interstate commerce, such as construction equipment, cement, and other tools produced outside the state of New York.

42. Plaintiff Caceres' work duties required neither discretion nor independent judgment.

43. From approximately August 24, 2024 until on or about August 1, 2025, Plaintiff Caceres worked from approximately 7:00 a.m. until on or about 3:30 p.m. five days a week (typically 40 hours per week).

44. Throughout his employment, Defendants paid Plaintiff Caceres his wages by check.

45. From approximately August 24, 2024 until on or about August 1, 2025, Defendants paid Plaintiff Caceres $28 per hour.

46. Plaintiff Caceres, however, did not receive any pay for his last two weeks of work.

47. Specifically, Defendants did not pay Plaintiff Caceres $2240.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Caceres regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Caceres an accurate statement of wages, as required by NYLL 195(3).

*50.* Defendants did not give any notice to Plaintiff Caceres, in English and in Spanish (Plaintiff Caceres's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. As a result of Defendants' failure to provide Plaintiff Caceres with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

52. Defendants required Plaintiff Caceres to purchase "tools of the trade" with his own funds—including a Hammer, 1 pack of gloves per week, a helmet, work boots, pliers, a squad and a drill.

*Plaintiff Gerardo Urgiles Leon*

53. Plaintiff Urgiles was employed by Defendants from approximately August 7, 2025 until on or about August 8, 2025.

54. Plaintiff Urgiles worked as a construction cleaner.

55. Plaintiff Urgiles regularly handled goods produced in interstate commerce, such as Construction equipment, cement, and other tools produced outside the state of New York.

56. Plaintiff Urgiles' work duties required neither discretion nor independent judgment.

57. From approximately August 7, 2025 until on or about August 8, 2025, Plaintiff Urgiles worked from approximately 7:00 a.m. until on or about 3:30 p.m. five days a week (typically 40 hours per week).

58. Plaintiff Urgiles did not receive any pay for his two days of work.

59. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Urgiles regarding overtime and wages under the FLSA and NYLL.

60. Defendants did not provide Plaintiff Urgiles an accurate statement of wages, as required by NYLL 195(3).

*61.* Defendants did not give any notice to Plaintiff Urgiles, in English and in Spanish (Plaintiff Urgiles's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62. As a result of Defendants' failure to provide Plaintiff Urgiles with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Julio Cesar Cambisaca Arcentales*

63. Plaintiff Cambisaca was employed by Defendants from approximately January 6, 2024 until on or about February 28, 2025, from approximately March 31, 2025 until on or about April 4, 2025 and from approximately May 29, 2025 until on or about June 6, 2025.

64. Plaintiff Cambisaca worked as a mechanic welder and torch operator.

65. Plaintiff Cambisaca regularly handled goods produced in interstate commerce, such as Construction equipment and other tools produced outside the state of New York.

66. Plaintiff Cambisaca's work duties required neither discretion nor independent judgment.

67. From approximately February 26, 2024 until on or about March 2024 and from approximately October 2024 until on or about June 6, 2025, Plaintiff Cambisaca worked from approximately 7:00 a.m. until on or about 3:30 p.m. five days a week (typically 40 hours per week).

68. From approximately April 2024 until on or about September 2024, Plaintiff Cambisaca worked from approximately 7:00 a.m. until on or about 5:30 p.m. Mondays through Fridays (typically 50 hours per week).

69. Throughout his employment, Defendants paid Plaintiff Cambisaca his wages by company check for the regular hours and personal check for the overtime hours.

70. Throughout his employment, Defendants paid Plaintiff Cambisaca $45 per hour for all the hours he worked.

71. Plaintiff Cambisaca, however, did not receive any pay for his last week of work.

72. Specifically, Defendants did not pay Plaintiff Cambisaca $1800.

73. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cambisaca regarding overtime and wages under the FLSA and NYLL.

74. Defendants did not provide Plaintiff Cambisaca an accurate statement of wages, as required by NYLL 195(3).

75. Defendants did not give any notice to Plaintiff Cambisaca, in English and in Spanish (Plaintiff Cambisaca's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

76. As a result of Defendants' failure to provide Plaintiff Cambisaca with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

77. Defendants required Plaintiff Cambisaca to purchase "tools of the trade" with his own funds—including work boots, a welder jacket, a welding masque, and a squad.

*Plaintiff Joffre Paca Telenchano*

78. Plaintiff Paca was employed by Defendants from approximately July 15, 2025 until on or about August 8, 2025.

79. Plaintiff Paca worked as a rodbuster.

80. Plaintiff Paca regularly handled goods produced in interstate commerce, such as Construction equipment, steel bars, and other tools produced outside the state of New York.

81. Plaintiff Paca 's work duties required neither discretion nor independent judgment.

82. From approximately July 15, 2025 until on or about August 8, 2025, Plaintiff Paca worked from approximately 7:00 a.m. until on or about 3:30 p.m. Mondays through Fridays (typically 40 hours per week).

83. From approximately July 15, 2025 until on or about July 25, 2025, Defendants paid Plaintiff Paca his wages by check.

84. From approximately July 15, 2025 until on or about July 25, 2025, Defendants paid Plaintiff Paca $34 per hour.

85. Plaintiff Paca, however, did not receive any pay for his last two weeks of work.

86. Specifically, Defendants did not pay Plaintiff Paca $2780.

87. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Paca regarding overtime and wages under the FLSA and NYLL.

88. Defendants did not provide Plaintiff Paca an accurate statement of wages, as required by NYLL 195(3).

*89.* Defendants did not give any notice to Plaintiff Paca, in English and in Spanish (Plaintiff Paca's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

90. As a result of Defendants' failure to provide Plaintiff Paca with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

91. Defendants required Plaintiff Paca to purchase "tools of the trade" with his own funds—including a Hammer, a helmet, work boots, pliers, a yoyo, a chain, a pouch, a harness and a reel.

*Defendants' General Employment Practices*

92. Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them the proper overtime compensation.

93. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL by not paying Plaintiffs the wages required under these laws.

94. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling far below the required overtime wage rate.

95. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

96. Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

97. Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

98. Plaintiffs were paid their wages entirely in cash or by personal check.

99. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

100. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

101. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

102. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former construction workers.

103. Defendants also failed to post at the workplace, or otherwise provide to Plaintiffs, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and NYLL.

104. Defendants failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

105. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

106. As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

107. Plaintiffs bring this FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

108. At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

109. At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

110. At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

111. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

112. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

113. Plaintiffs bring their New York Labor Law prevailing wages, overtime, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

114. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

115. There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiffs the prevailing wages and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g) What are the common conditions of employment and in the workplace, such as record-keeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

116. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols, and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

117. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by

attorneys who are experienced and competent in both class action litigation and employment litigation.

118. The common questions of law and fact predominate over questions affecting only individual members.

119. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

120. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

121. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

123. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

124. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

125. Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

126. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

127. Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

128. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

130. Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

131. Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

132. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

134. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

135. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

136. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

137. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

139. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

140. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

141. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

143. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

144. Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

145. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

146. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

147. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

148. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

149. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

151. As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia,

152. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

153. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

154. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

155. Plaintiffs were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA have been willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f) Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum

wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and Rule 23 Class members;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA and the Rule 23 Class members;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs and the FLSA and Rule 23 Class members;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs', (and the FLSA and Rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(l) Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated

damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs and the FLSA and Rule 23 Class Members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 12, 2025

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ *Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


Aug 28, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: JULIO CESAR CAMBISACA ARCENTALES

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: ______________________

Date / Fecha: Aug 28, 2025

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


Aug 29, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: GERARDO VICENTE URGILES LEON

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: ______________________

Date / Fecha: Aug 29, 2025

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Aug 29, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: JOFFRE PACA TELENCHANO_

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: ______________________

Date / Fecha: Aug 29, 2025

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


Aug 27, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: LUIS CARLOS CACERES ORTIZ

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: ____________________

Date / Fecha: Aug 27, 2025